UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>  vs.<br><br>LINZEY SMITH,<br><br>               Defendant. | No. CR-04-096-JLQ<br><br>MEMORANDUM OPINION<br>RE: IMPOSITION OF SENTENCE |

     On April 13, 2005 this court imposed its sentence following a jury finding of Guilty on the charge against the Defendant of being a Felon in Possession of a Firearm. in violation of 18 U.S.C. § 922(g)(1). By reason of the Defendant having been previously convicted of five violent felonies committed on occasions different from one another, pursuant 18 U.S.C. § 924(e)(1) the Defendant's mandatory minimum sentence was incarceration for not less than fifteen years. In its findings as to violent felonies, this court had in mind and followed the admonitions set forth in *Shepard v. United States*, ___S.Ct. ____, 2005 WL 516494 (March 7, 2005) concerning the evidence that could be considered in making such findings. The maximum term of imprisonment was life in prison. The court imposed a prison term of 262 months followed by a three year term of Supervised Release.

     Mr. Smith's violent felony history commenced in 1978 when he was sentenced in Missouri to a term of imprisonment of 15 years on his conviction of First Degree Robbery and Assault With Intent To Kill With Deadly Weapon. That sentence was

ORDER - 1

reduced to 7 years in 1983. He was discharged from supervision on February 18, 1983. (See ¶ 41-46 of Presentence Report). At sentencing herein, the Defendant did not contend that this conviction was not for a violent felony.

Shortly after the Defendant's release from supervision in 1983, he was charged in 1984 with Second Degree Burglary and Second Degree Theft in Franklin County, Washington and after his pleas of guilty was sentenced to 42 days of confinement and 48 of partial confinement. These convictions arose from the breaking into a closed Self Service Station and removal of the safe, cartons of cigarettes, and beer. The Defendant's signed plea statement, although allegedly completed by his attorney, confirmed the unlawful entry with intent to commit a crime therein, thus qualifying as a "generic" burglary as defined in *Taylor v. United States*, 495 U.S. 575 (1990). (See ¶ 50-56 of the P.S.R.).

In 1985, the Defendant pled guilty to Second Degree Burglary in Franklin County, Washington and was sentenced to 14 months imprisonment. The Defendant's signed statement at the time of his plea was that "On September 11, 1985, I entered Dave's Country Store when it was closed to the public with intent to take property from the store." Apparently a large hole and been made in the store wall and the safe from the store was taken. (See ¶ 57-62 of the P.S.R.). This conviction was for the commission of a *Taylor* generic burglary.

In 1986 the Defendant was charged with First Degree Assault and found guilty by a jury. This conviction was based upon a robbery and assault with a knife of an individual in a Pasco, Washington tavern. The Defendant was sentenced to 160 months imprisonment in 1987. At sentencing herein, he did not contend that this was not a violent felony. (See ¶ 63-67 of the P.S.R.).

Apparently, while serving his sentence on the First Degree Assault conviction, the Defendant pled guilty in 1987 to Second Degree Burglary in Benton County, Washington and on August 14, 1987 was sentenced to a term of imprisonment of 10 years to run

ORDER - 2

consecutive to his First Degree Assault sentence. The Defendant's written statement at his plea of guilty confirmed that he had broken into the Red Steer Restaurant to "steal what I could find of value." ( See ¶ 68-74 of the P.S.R.).Thus, this burglary conviction qualified as a violent felony pursuant to *Taylor, supra.*

The Defendant was paroled from his 1987 sentences in February, 2003 and released from work release on August 31, 2003. The events leading up to his conviction in this court took place at a Restaurant-Lounge-Dance Hall in Spokane on March 20, 2004 when he pulled a gun from his waistband after a confrontation with another male and pointed the loaded gun at the victim and others. The victims testified at trial that there were in fear of serious bodily harm or death. Those events were inherent in the jury's finding of guilty on the firearm charge in that the court had instructed the jury that if the Defendant's claim of wrestling the firearm away from the alleged victim after being assaulted by the victim was found to be true, the Defendant could not be convicted on the firearm charge. The jury obviously rejected that claim as does this court.

As established in ¶ 78-81 of the P.S.R. the Defendant had 9 Criminal History points. However, because of his prior crime of violence convictions and his possession of the firearm in connection with a crime of violence, ¶ 4B1.4 of the Sentencing Guidelines set the Offense Level at 34 and the Criminal History Category at VI, resulting in a sentencing guideline range of 262-327 months.

While no-longer bound by the Sentencing Guidelines range, this court gave consideration thereto, recognizing that pursuant to *United States v. Booker*, 543 U.S. __, 125 S. Ct. 736 (Jan. 12, 2005) the Sentencing Guidelines are advisory only. In making its determination as to whether the 15 year statutory mandatory minimum or a sentence below the Guidelines was appropriate, the court considered the factors set forth in 18 U.S.C. § 3553(a). *Inter alia,* the court considered the Defendant's lack of parental guidance and lack of education, although the Defendant had gained a G.E.D. education during his lengthy incarcerations. In addition, following his release from custody in 2003

ORDER - 3

the Defendant was employed and self-supporting. Unfortunately, in less than seven months from the time the Defendant was released from a work release facility he was involved in the instant crime of violence.

Congress has determined that a person with three prior violent felony convictions is to be sentenced to a mandatory minimum sentence of not less than 15 years. Mr. Smith has five prior violent felony convictions and the instant offense was one that involved a serious risk of grievous bodily harm or death to innocent victims assaulted with a loaded firearm. While not mandated by statute, Mr. Smith's history of violence and the instant loaded firearm assault convinced this court that a sentence within the Guideline Range was the appropriate sentence. Such a sentence was not only appropriate for the instant offense, but also deemed necessary for public safety. The sentence of 262 months, rather than the high range of 327 months was also deemed the appropriate sentence in view of the Defendant's age (46) and the expectation that when the Defendant is released from custody he will conduct himself in his remaining years with the proper respect for the persons and property of other citizens.

The Clerk of this court shall file this Memorandum and forward copies to counsel and the United States Probation Office for further forwarding to the United States Bureau of Prisons and the United States Sentencing Commission.

Dated this 21st day of April, 2005

s/ Justin L. Quackenbush

JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 4