1

2        UNITED STATES DISTRICT COURT

3        EASTERN  DISTRICT OF WASHINGTON

4   LINZEY SMITH,                    )
                                     )
5        Petitioner,                 )   NO.  CR-04-096-JLQ
                                     )   NO.  CV-07-098-JLQ
6    vs.                             )
                                     )   MEMORANDUM OPINION
7                                    )   AND ORDER DENYING
     UNITED STATES OF AMERICA,       )   PETITIONER'S PETITION FOR
8                                    )   WRIT OF HABEAS CORPUS
         Respondent.                 )
9   _____)

10       **Before the Court** is Petitioner's Petition for Writ of Habeas Corpus, heard

11  without oral argument on May 31, 2007.  Petitioner is proceeding **pro se.**

12  Assistant United States Attorney Aine Ahmed represents Respondent.  Having

13  reviewed the record, and being fully advised in this matter, **It Is Hereby Ordered**

14  that Petitioner's Petition for Writ of Habeas Corpus is **Denied** for the following

15  reasons.

16       On January 18, 2005, a jury convicted Mr. Smith of being a felon in

17  possession of a firearm in violation of 18 U.S.C. § 922(g).  At the sentencing

18  hearing, held on April 13, 2005, the court found the Defendant had been convicted

19  of in excess of three violent felonies and was therefore an Armed Career Criminal

20  pursuant to 18 U. S. C, § 924(e)(1). The Defendant was sentenced to a term of 262

21  months imprisonment.

22       Mr. Smith contends that he received ineffective assistance of counsel and

23  should not have been found to be an Armed Career Criminal.  It is his claim that

24  his attorney was ineffective in that he did not object to information in his Pre-

25  Sentence Report (PSR) that allegedly contained erroneous information about his

26  prior convictions and did not indicate the source of that information.

27

28  MEMORANDUM OPINION AND ORDER DENYING
    PETITION FOR WRIT OF HABEAS CORPUS –1

1      To the contrary, at Mr. Smith's sentencing hearing, the court admitted the

2  Government's certified conviction reports for Mr. Smith.  In accordance with

3  *Shephard v. United States,*  544 U.S.13 (2005), the court did not use any

4  documents outside the conviction documents, terms of any plea agreement, and

5  judicial records of colloquy between the sentencing judge and the Defendant when

6  assessing whether the prior convictions qualified as predicate offenses for purposes

7  of the Armed Career Criminal determination.

8      The first conviction was on a 1977 Missouri First Degree Robbery and

9  Assault With Intent to Kill With a Deadly Weapon charge. The Defendant admitted

10  that he was involved in the robbery and that he had pleaded guilty to robbery and

11  assault with intent to kill with a deadly weapon.  Therefore, this court found that

12  this conviction was not in dispute and found that it qualified as a violent felony

13  conviction.

14      The second conviction was on a 1984 Washington charge of Burglary in the

15  Second Degree.  The Defendant admitted that he had pleaded guilty to the burglary

16  of an Econo gas station and admitted that "I unlawfully entered the Econo Self

17  Service Station in Pasco, with intent to commit the crime of theft inside."

18  Cigarettes, beer, and a small safe were taken. The Defendant argued that his

19  burglaries could have taken place outside a building because a restaurant can be an

20  open air restaurant and service stations are not necessarily buildings.  The court

21  rejected that claim and found that this conviction qualified as a violent felony

22  conviction.

23      The third conviction was a 1985 Washington conviction for Burglary in the

24  Second Degree.  The Defendant admitted that he had pleaded guilty to theft from a

25  floor safe, among other things  and that he entered Dave's Country Store to commit

26  a theft inside.   Therefore, this court found that this conviction qualified as a

27

28  MEMORANDUM OPINION AND ORDER DENYING
   PETITION FOR WRIT OF HABEAS CORPUS –2

1  violent felony conviction and that this third conviction for a violent felony resulted

2  in Defendant being an Armed Career Criminal. However, there was more.

3       A fourth conviction was on a 1987 Washington charge for First Degree

4  Assault, based upon a robbery and assault with a knife.  A jury had found him

5  guilty of Assault in the First Degree.  Therefore, this court found that this

6  conviction qualified as a violent felony conviction.

7       A fifth conviction was on a 1987 Washington charge for Burglary in the

8  Second Degree,  The Defendant stated that he "broke into the Red Steer without

9  the owner's permission to steal what I could find of value."  Therefore, this court

10  found that this conviction also qualified as a violent felony conviction.

11       On direct appeal, the Defendant argued that this court's determination that

12  the second degree burglary convictions qualified him for Armed Career Criminal

13  status was error.  The Ninth Circuit disagreed:

14       Smith admitted in his plea statement that he 'unlawfully entered the
         Econo Self Service Station in Pasco, with intent to commit the crime
15       of theft *inside."*  The allegation of the Information and Smith's plea
         and plea statement thus were amply sufficient to establish that Smith
16       was convicted of burglary of a building in the generic sense.  The
         1984 conviction therefore serves as Smith's third violent offense, and
17       we need not address his other convictions.

18  *United States v. Smith,* 178 Fed. Appx. 773, 775 (9th Cir. 2006) (emphasis in

19  original).

20       A burglary means having the basic elements of unlawful or unprivileged

21  entry into or remaining in, a building or structure, with the intent to commit a

22  crime. *Taylor v. United States,* 467 U.S. 575 (1990).  However Washington

23  defines a building as including a fenced area, vehicle, railway car, or cargo

24  container.  R.C.W. § 9A.04.110.  Therefore, the court must examine the charging

25  document, terms of a plea agreement or transcript of colloquy between judge and

26  defendant or some comparable judicial record of this information to determine

27

28  MEMORANDUM OPINION AND ORDER DENYING
    PETITION FOR WRIT OF HABEAS CORPUS –3

1   whether a conviction qualifies as one supporting a finding of Armed Career

2   Criminal. This is precisely what happened in this case, and the finding that Mr.

3   Smith was an Armed Career Criminal was affirmed by the Ninth Circuit Court of

4   Appeals.

5         Mr. Smith contends that the United States did not produce a certified copy of

6   the Judgment for his conviction for First Degree Assault.  However the United

7   States did produce a certified copy of the Information charging Defendant with

8   "intent to commit a felony upon the person or property of the one assaulted, and

9   did assault one Lester Mettling with a knife."

10        Petitioner also claims that  his counsel was ineffective for not objecting that

11  this court used the 1988 Washington First Degree Assault statute as a basis for a

12  finding that it was a prior felony. Washington's First Degree Assault statute

13  R.C.W. 9A.36.010(a) was repealed in 1986 and re-codified at R,C.W.  9A.26.011

14  in 1988.  The Defendant was convicted of this offense in February, 1987. This

15  court looked at R.C.W.  9A.26.011 to find that this was a violent felony.  Had the

16  court looked at the repealed R.C.W.  9A.36.010 the finding would have been the

17  same.  R.C.W. 9A.26.011 provides that a person is guilty of assault in the first

18  degree if he or she, with intent to inflict great bodily harm or death assaults another

19  and inflicts great bodily harm.

20        The repealed R.C.W.  provided that a person is guilty of assault in the first

21  degree if he or she, with intent to inflict great bodily harm assaults another and

22  inflicts great bodily harm.  Had counsel objected to this court looking at R.C.W.

23  9A.26.011, the court would simply have looked at the prior statute, R.C.W.

24  9A.36.010.   In either case intent to assault a person with a knife and in fact doing

25  so would be an assault in the first degree which is  a violent felony, and  a

26  conviction would count as a conviction under the Armed Career Criminal statute.

27

28  MEMORANDUM OPINION AND ORDER DENYING
    PETITION FOR WRIT OF HABEAS CORPUS –4

1    There is not one shred of evidence that Mr. Smith received ineffective

2  assistance of counsel.  There was simply no basis to object to the certified

3  conviction reports or the finding that Mr. Smith is an Armed Career

4  Criminal. Therefore, Mr. Smith's Petition for Writ of Habeas Corpus must be and

5  is **Denied.**

6    **IT IS SO ORDERED**.  The Clerk is directed to enter this Order, enter

7  judgment denying the Petition For Writ of Habeas Corpus,  forward  copies to

8  Petitioner and to  counsel for the Respondent,   and close both of the above-

9  numbered files.

10    **DATED** this 4th day of June, 2007.

11                       s/ Justin L. Quackenbush
                    JUSTIN L. QUACKENBUSH
12           SENIOR UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  MEMORANDUM OPINION AND ORDER DENYING
    PETITION FOR WRIT OF HABEAS CORPUS –5