UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LINZEY SMITH,<br><br>        Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | NO. CR-04 -096-JLQ<br><br>**ORDER DENYING MODIFICATION OF SENTENCE** |

**BEFORE THE COURT** is the Petitioner's Motion for Modification of Sentence (Ct. Rec. 85), moving the court for modification of his sentence pursuant to 18 U.S.C. § 3582(c) and Amendment 599 of the U.S. Sentencing Guidelines. Amendment 599 provides that, "[i]f a sentence under [§ 2K2.4] is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristics for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense." U.S.S.G.App. C., Amendment 599.

The Petitioner contends that his sentence was enhanced twice, once for being a career offender under 18 U.S.C. § 924(e) and once for a specific offense characteristic, U.S.S.G. § 2K2.1(b)(5), thereby "double counting" in contravention of Amendment 599. However, Amendment 599 amended commentary to U.S.S.G. § 2K2.4, which provides the base level for individuals who have violated one of 18 U.S.C. §§ 844(h), 924(c), or 929(a). *U.S. v. Aquino*, 242 F.3d 859, 864 (9th Cir. 2001)(Applying Amendment 599 to a conviction pursuant to 18 U.S.C. § 924(c)); *U.S. v. Hicks*, 472 F.3d 1167, 1169 (9th

ORDER - 1

Cir. 2007)(Applying Amendment 599 to a conviction pursuant to 18 U.S.C. § 924(c)). The Petitioner was convicted under none of these statutes, rather his conviction was for being a felon in possession of a firearm, pursuant to 18 U.S.C. § 922(g)(1). Amendment 599 is not an applicable modifier for such a conviction. See *U.S. v. Fernandez,* 213 F.Appx. 798, 799-800 (11th Cir. 2007)(noting that Amendment 599 did not apply when the underlying conviction was pursuant to 18 U.S.C. § 922(g)).

Accordingly, **IT IS HEREBY ORDERED:**

For the reasons heretofore stated, the Petitioner's Motion for Modification of Sentence (Ct. Rec. 85) is **DENIED**.

The Clerk is hereby directed to enter this Order and furnish copies to counsel and to Mr. Smith.

**DATED** this 1st day of April, 2009.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE