UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LINZEY SMITH,<br><br>              Petitioner,<br>  vs.<br><br>UNITED STATES OF AMERICA,<br><br>              Defendant. | No. CR-04-0096-JLQ<br>(Civil No. CV-14-0043)<br><br>ORDER OF TRANSFER RE:<br>SUCCESSIVE § 2255 MOTION |

Defendant/Petitioner Linzey Smith (herein "Defendant" or "Smith") has filed a "Motion to Grant 28 U.S.C. § 2255(f)(3)" (ECF No. 98). Defendant has previously sought relief pursuant to § 2255. See ECF No. 70. The Court finds that it is without authority to address the successive § 2255 Motion and transfers it to the Ninth Circuit Court of Appeals.

**I. Procedural History**

In January 2005, Defendant was convicted after a jury trial of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). At the sentencing hearing, the court determined that Defendant had been convicted in excess of three violent felonies and was therefore an Armed Career Criminal pursuant to 18 U.S.C. § 924(e)(1). The court imposed a sentence of 262 months. Defendant's conviction and sentence was affirmed on direct appeal. See ECF No. 68 & 69. Defendant then filed a Motion to Vacate his Sentence pursuant to Section 2255. That Motion was denied by this court in a written opinion of June 5, 2007. (ECF No. 75). Defendant attempted to appeal that ruling, and was denied a certificate of appealability. See (ECF No. 79 & 84). In March

ORDER - 1

2009, Defendant filed a Motion to Modify Sentence pursuant to 18 U.S.C. § 3582(c)(2). This court denied that Motion in a written Order. (ECF No. 86). Defendant appealed that ruling, and the Ninth Circuit Court of Appeals granted the Government's motion for summary affirmance on July 19, 2010. (ECF No. 96). The instant § 2255 Motion was filed in this court on February 5, 2014.

## II. Discussion

Defendant is not entitled, as of right, to repeatedly file Section 2255 motions. Pursuant to Section 2255(h):

> A second or successive motion must be certified as provided in section 2244 **by a panel of the appropriate court of appeals** to contain–
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h)(emphasis supplied).

Section 2244(3)(A) provides that before a second or successive motion "is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Defendant has not obtained permission from the Ninth Circuit to file the instant Motion. Defendant relies on *Alleyne v. United States*, 133 S.Ct. 2151 (June 17, 2013), and therefore arguably relies upon a new rule of constitutional law. However, that determination is, in these circumstances, to be made by the Circuit Court of Appeals. In *Alleyne*, the Supreme Court held that: "Facts that increase the mandatory minimum sentence are therefore elements and must be submitted to the jury and found beyond a reasonable doubt." *Id.* at 2158. The Supreme Court overruled the 2002 decision of *Harris v. United States*, 536 U.S. 545 (2002). This court need not address at this time whether *Alleyne* has announced a new rule of constitutional law, or whether *Alleyne*'s holding can be applied

ORDER - 2

retroactively to cases on collateral review. The court does note that both the Seventh and Tenth Circuit Court of Appeals have addressed the question. Both courts found that *Alleyne* did set forth a new rule of constitutional law, but that the new rule had not been made retroactive to cases on collateral review by the Supreme Court. See *Simpson v. United States*, 721 F.3d 875 (7th Cir. 2013) and *In re Payne*, __F.3d__, 2013 WL 5200425 (10th Cir. 2013).

Defendant has failed to seek authorization from the Ninth Circuit Court of Appeals to pursue the instant Motion, and accordingly this court cannot consider it. "Once a district court recognizes a petition is a second or successive petition, it lacks jurisdiction, absent authorization from the appropriate court of appeals, to consider the merits of the petition." *Williams v. Cash*, 2012 WL 3637375 (S.D. Cal. 2012) citing *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001). The Supreme Court has also recognized that when a defendant fails to obtain authorization from the Circuit court, then the District court lacks jurisdiction to consider the merits of a § 2255 motion. See *Burton v. Stewart*, 549 U.S. 147, 156 (2007)("The long and short of it is that [defendant] neither sought nor received authorization from the Court of Appeals before filing his 2002 petition, a 'second or successive' petition challenging his custody, and so the District Court was without jurisdiction to entertain it."). Similarly here, Smith has not sought, nor obtained, authorization from the Ninth Circuit to file the instant Motion, and accordingly it may not be considered by this court on the merits.

This court may dismiss the Motion, or transfer the action, in the interests of justice, "to any such other court in which the action or appeal could have been brought at the time it was filed...". 28 U.S.C. § 1631. The Ninth Circuit has stated that generally transfer is preferable to dismissal and in the interests of justice "because normally dismissal of an action that could have been brought elsewhere is time-consuming and justice-defeating." *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990). This court will direct transfer of Defendant's motion in the interests of judicial efficiency.

ORDER - 3

Although this court does not reach the merits of the Motion, Defendant's argument is in brief that the court made a finding based on the clear and convincing evidence standard that enhanced his offense level. Defendant contends the issue should have been submitted to the jury, and that the judicial finding violates the new rule announced in *Alleyne*. It appears that Defendant made this argument, without the benefit of *Alleyne*, on direct appeal. The Ninth Circuit's opinion of May 8, 2006, states in part: "Smith argues that his sentence is unreasonable because neither the jury verdict nor the facts proved that he used the gun to commit an assault. Smith cannot complain that the jury did not find the necessary facts, because he requested that the court decide this issue at sentencing rather than submitting the issue to the jury." (ECF No. 69, p. 5).

**IT IS HEREBY ORDERED**:

1. Defendant's Motion to Vacate Sentence Under § 2255 (ECF No. 98) is hereby **TRANSFERRED** to the Ninth Circuit Court of Appeals for determination of whether his Motion should be authorized pursuant to 28 U.S.C. § 2244(b)(3).

2. The District Court Executive is directed to: a) file this Order; b) furnish copies to Defendant and counsel for the Government; and c) forward Defendant's Motion (ECF No. 98) with a copy of this Order to the Clerk of the Ninth Circuit Court of Appeals.

**IT IS SO ORDERED**. The Clerk shall enter this Order and furnish copies to counsel.

Dated this 12th day of February, 2014.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 4